JOSEPH WOLFF, Appellant, *v.* MORTGAGE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

(Argued January 30, 1936; decided April 14, 1936.)

*Robert F. Dart, Oliver K. King, Saul Katz* and *Joseph A. Vassallo* for appellant. The constitutionality of the statute (L. 1935, ch. 19) is to be tested by what may be done under it, not by what has been done. (*Stuart* v. *Palmer,* 74 N. Y. 183; *Colon* v. *Lisk,* 153 N. Y. 188; *People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32; *People ex rel. Alpha P. C. Co.* v. *Knapp,* 230 N. Y. 48; *Matter of Richardson,* 247 N. Y. 401; *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413.) The Fourteenth Amendment to the Constitution of the United States is violated by the Mortgage Commission Law, in so far as section 7 thereof provides for the exercise of the powers conferred by subdivisions 3 and 4 of section 5. (*Pennoyer* v. *Neff,* 95 U. S. 714; *Chicago, M. & St. Paul Ry. Co.* v. *Minnesota,* 134 U. S. 418; *Londoner* v. *Denver,* 210 U. S. 373; *Southern R. Co.* v. *Virginia,* 290 U. S. 190; *Stuart* v. *Palmer,* 74 N. Y. 183; *Hess* v. *Pawloski,* 274 U. S. 352; *Davidson* v. *New Orleans,* 96 U. S. 97; *People* v. *Nebbia,* 262 N. Y. 259; *Home Savings & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *Worthen Co.* v. *Thomas,* 292 U. S. 426;

*Worthen Co.* v. *Kavanaugh,* 295 U. S. 56; *Louisville Joint Stock Land Bank* v. *Radford,* 295 U. S. 555; *Matter of People* [*Title & Mtge. Guar. Co.*], 264 N. Y. 69.) The statute infringes upon the equitable jurisdiction of the Supreme Court in violation of section 1 of article 6 of the Constitution of the State of New York. (*Matter of Empire City Bank,* 18 N. Y. 199; *N. Y. Life Ins. & Trust Co.* v. *Conkling,* 159 App. Div. 337; *Matter of International Milling Co.* [*Broderick*], 259 N. Y. 77; *Matter of Cashmere State Bank,* 169 Wash. 258.)

*Lawrence S. Greenbaum, Benjamin J. Rabin, Theodore S. Jaffin* and *Benjamin Kaplan* for Mortgage Commission of the State of New York, respondent. The power of the Commission to borrow money and execute a mortgage on the property held by the Commission in trust for the certificate holders of the issue, for the purpose of making necessary repairs in and about the property, and for the payment of taxes and insurance, does not violate appellant's constitutional rights. (*Matter of People* [*Westchester Title & Trust Co.*], 268 N. Y. 432; *Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Matter of People* [*New York Title & Mortgage Co.*], 264 N. Y. 475; *United States Trust Co.* v. *Roche,* 116 N. Y. 120; *Rogers* v. *Rogers,* 111 N. Y. 228; *Matter of Windsor Trust Co.,* 142 App. Div. 772; *New York Life Ins. & Trust Co.* v. *Conkling,* 159 App. Div. 337; *Raht* v. *Attrill,* 106 N. Y. 423; *Cowdrey* v. *Galveston, H. & H. R. R. Co.,* 93 U. S. 352; *Miltenberger* v. *Logansport Ry. Co.,* 106 U. S. 286; *Thompson* v. *Phenix Ins. Co.,* 136 U. S. 287.) The statute provides sufficient procedural safeguards. (*Matter of People* [*Westchester Title & Trust Co.*], 268 N. Y. 432; *Matter of Casualty Co. of America,* 244 N. Y. 443; *Walsh* v. *State,* 248 N. Y. 408; *Matter of Second Russian Ins. Co.,* 219 App. Div. 46; 244 N. Y. 606; *Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *People* v. *Knickerbocker Life Ins. Co.,* 199 App. Div. 503; 233 N. Y. 604; *Reed* v. *Squire Co.,* 217 App. Div. 494; *Matter of People* [*Title & Mortgage*

*Guar. Co.*], 264 N. Y. 69; *Isaac v. Marcus*, 258 N. Y. 257; *Matter of Union Bank of Brooklyn*, 176 App. Div. 477; *Matter of Broderick*, 235 App. Div. 281; *Matter of Horowitz*, 235 App. Div. 248; *Matter of People* [*National Surety Co.*], 239 App. Div. 490; 264 N. Y. 473.)

HUBBS, J. The sole question involved on this appeal is the constitutionality of section 5, subdivision 3 (a) and (c), and section 5, subdivision 4, of the Mortgage Commission Act (Laws of 1935, ch. 19, as amd. Laws of 1935, ch. 290). The section provides that the Commission may borrow money to pay taxes and the expenses of a mortgage foreclosure and pledge the securities of the trust therefor.

The Lawyers Westchester Title and Mortgage Company, a guaranty company under the Insurance Law (Cons. Laws, ch. 28), issued to plaintiff two participation certificates secured by a mortgage, now amounting to $140,000 of principal, on Green Meadow Country Club, Inc. The mortgage was on deposit with Lawyers Trust Company as depositary. The mortgage company is in liquidation under article XI of the Insurance Law, rehabilitation having failed. The Mortgage Commission has taken over the documents. The certificates and mortgage are in default. Taxes are in arrears to the extent of $48,421.65. There is danger of foreclosure of a tax lien for $25,000. The mortgage provides that the mortgagee may pay taxes in arrears. The Mortgage Commission notified the certificate holders that it proposed to borrow $75,500 upon an assignment of the mortgage for the purpose of paying back taxes and for a reserve to pay taxes during the ensuing year, to pay foreclosure expenses and to pay interest on the loan pending efforts to sell the mortgaged property. The appraised value of the property is $195,500.

The complaint seeks an injunction against the consummation of the loan on the ground that its consummation would violate plaintiff's constitutional rights by depriving him of his property without due process of law, taking it

without just compensation and impairing the obligation of his contract; also that the statute which purports to authorize the loan is contrary to the constitutional provision which preserves the inherent jurisdiction of the Supreme Court. The complaint was dismissed upon motion by the Special Term.

Concededly, the sections of the statute in question authorize the borrowing of money to pay taxes and the expenses of a foreclosure. The question is, are those provisions of the statute valid under the Constitution?

The background of the situation here involved has been stated by Judge LEHMAN in detail in his opinion in the case of *Matter of People (Title & Mtge. Guarantee Co. of Buffalo)* (264 N. Y. 69), and in the factual provisions of the statute here involved. It would serve no useful purpose to restate such facts here.

In the Buffalo case we sustained the validity of the Schackno Law (Laws of 1933, ch. 745) upon the broad ground that it was enacted within the reserved power of the State; that it created a new remedy which was necessary to protect the rights of a vast number of certificate holders to prevent the demoralization of the real estate market, the wiping out of the equities of certificate holders and the general disrupting of the financial structure. We held that the means adopted to accomplish that purpose were " reasonable and appropriate."

The decision in that case is authority for and justifies the decision made by the Special Term in this case. The underlying principle is the same, *i. e.*, that the strict contract right of the individual is subject to the right of the State under its reserved power to enact laws to preserve the State itself or to avert an impending danger which threatens the general welfare of the State. (*Shepherd* v. *Mount Vernon Trust Co.*, 269 N. Y. 234, 243; *Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398.)

Assumption of control by the Mortgage Commission creates a relationship similar to or in fact that created under a statutory receivership. As a statutory receiver,

it, of necessity, must preserve the property intrusted to its care for the benefit of all certificate holders. One small certificate holder for some selfish interest should not be allowed to defeat the underlying purpose of the receivership and by accomplishing his purpose jeopardize or destroy the equities of all other certificate holders. To preserve the property, it is necessary that taxes should be paid. In fact, the mortgage provides that the mortgagee may pay taxes in arrears. Such payment does not depreciate the equity of any certificate holder, but protects the interest of all.

The same is true in regard to the payment of expenses of foreclosure and the payment of the cost of insurance. The administrative details must necessarily be left to the judgment of the receiver which has decided that it is for the interest of all certificate holders that the taxes should be paid, the property insured, and a fund provided to pay the expenses of foreclosure. We can see no valid constitutional objection to such determination.

Appellant stresses the point that a receiver has no power to borrow funds on a trust security for the purpose of acquiring money to pay taxes not yet due, at least without the approval of the court. It may be conceded that a trustee of an expressed trust, which did not by its terms give such authority, would be without such power. If a trust instrument in terms gave such authority it would be perfectly valid and the trustee in the exercise of a sound discretion would be justified in exercising the power granted. In the absence of authority granted in a trust instrument, if a trustee desired to borrow money upon a trust security for a purpose which he deemed advisable for the protection of the trust estate, it would be necessary for the trustee to apply to the court upon notice for permission to exercise such power. (Real Prop. Law [Cons. Laws, ch. 50], § 105; Laws of 1909, ch. 52; Bogert on Law of Trusts, p. 310; *Rogers* v. *Rogers*, 111 N. Y. 228; *United States Trust Co.* v. *Roche*, 116 N. Y. 120.)

Doubtless the same principle would apply to the Mortgage Commission as successor trustee in the absence of authority to the contrary conferred by statutes. Section 5 of chapter 19 of the Laws of 1935 provides: "The commission shall have the following limited powers, with reference to mortgages, mortgage investments and real estate under its jurisdiction. * * *

"3. To borrow funds for any of the following purposes: (a) to pay taxes, assessments or water rates and penalties thereon, fire, rent, liability, workmen's compensation and/or other appropriate insurance, and to buy or redeem tax liens and transfers thereof. * * *

"(c) to pay foreclosure costs and expenses."

It is apparent that the statute confers upon the Commission expressed authority to pay past due taxes and to pay the expenses of foreclosures. Does the statute authorize the Commission to borrow money to pay taxes not yet due but which it knows will become due within a year and also to borrow funds to pay the expenses of a foreclosure before the expenses are actually incurred?

The Mortgage Commission is a statutory trustee. Its authority is derived from the statute creating it and defining its powers. Undoubtedly, the Legislature could legally grant it power to borrow money to pay past due taxes and thereby preserve the trust fund, without infringing upon the constitutional power of the Supreme Court. In granting it other powers it would not limit the power of the Supreme Court unless the powers so granted were unreasonable.

In the first instance, the question of the reasonableness of the powers granted is for the Legislature to determine. We are unable to say as a matter of law the grant of the limited powers here involved was unreasonable. True it is that the statute does not say in so many words that the Commission shall have power to borrow money to pay the expense of a foreclosure not yet incurred or to pay taxes during the year not yet due. It does say,

however, that it shall have power to borrow funds to pay taxes and expenses of foreclosure. That taxes will be assessed is absolutely certain. When they are imposed they become a lien ahead of a mortgage and interest and penalties may be incurred. Was the Commission compelled to wait until that happened before it took steps to procure funds with which to pay the taxes that it knew would be imposed? If so, additional expenses would necessarily have been incurred which would have lessened the value of the outstanding certificates. The Commission was obliged to secure a loan to pay the past due taxes. Why compel it to make a second loan to pay taxes shortly to become due? To give the statute the construction sought by the appellant would be unreasonable.

The same reason applies to the borrowing of funds to pay the expense of a foreclosure. We are passing only upon the exact questions presented on this appeal. The Commission has only such power and authority as is conferred upon it by the statute. It must confine its actions within the power granted. If it exceeds those powers it is subject to control by the courts the same as any other trustee which exceeds or attempts to exceed its powers. No doubt a bank from which the Commission sought a loan would be exceedingly careful to ascertain before making a loan that the Commission was acting within its statutory authority. Otherwise, the security might be of questionable value.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.