Mortgage Commission of the State of New York and Another, Plaintiffs, *v.* Thomas Daly and Others, Defendants.

Supreme Court, Special Term, Queens County, November 29, 1937.

*Morris Finkelstein,* for the plaintiffs.

*Samuel C. Whitman,* for the defendants.

Daly, J. The plaintiffs brought an action to foreclose a mortgage on vacant land owned by the defendant Daly, in the principal sum of $38,000. This mortgage had been certificated. The defendant Daly has acquired all the outstanding certificates therein except certificates aggregating the principal amount of $600. He has tendered the surrender of said certificates in the sum of $37,400 and the balance of $600 in cash together with all accrued interest thereon. The Mortgage Commission has demanded of him a sum of money as costs and disbursements, which he claims to be exces-

sive. It has also demanded a sum of money for servicing the mortgage, which the defendant contends is unwarranted. He has consequently made a motion pursuant to section 1077-e of the Civil Practice Act, wherein he prays that the court fix the amount of the costs and disbursements and direct the plaintiffs to accept same together with the certificates aforementioned and the cash balance of the mortgage with interest, and that thereupon the action be discontinued and the mortgage satisfied.

The defendant Daly stands in two capacities in this action, (1) as owner of the equity, and (2) as owner of 374/380 of the certificates outstanding against the mortgage under foreclosure.

As owner of the equity the defendant is liable, pursuant to section 1077-e of the Civil Practice Act, for the taxable costs and disbursements. As owner of the certificates he is liable to the Mortgage Commission of the State of New York in proportion to his ownership of such certificates for all expenses and disbursements of the foreclosure, less the proportionate amount received under section 1077-e for costs.

It is provided in chapter 729 of the Laws of 1936, amending section 24 of chapter 19 of the Laws of 1935: "Reimbursement for expenses. The Commission shall allocate and charge to each property, bond or mortgage, or group thereof, such of its expenses incident to the exercise of any of its powers and such expenses as shall have been advanced by the Superintendent of Insurance or the Superintendent of Banks as it may determine are properly allocatable and chargeable to such property, bond or mortgage, or group thereof. All other expenses including the compensation of members of the Commission, incident to the exercise of its powers by the Commission, shall constitute a charge against the moneys appropriated out of the general funds of the State. Allocatable and chargeable expenses shall include disbursements made by the Commission and its subsidiaries and by the Superintendent of Insurance or the Superintendent of Banks, as well as an allowance to the Commission and such of its subsidiary corporations as may be involved, of a sum sufficient reasonably to compensate it or them for any services, including legal services, rendered to such property, bond or mortgage, or group thereof, and also for the servicing of such property, bond or mortgage or group thereof, excepting therefrom compensation paid to the members of the Commission. The Commission may apply to the court at any time for an order confirming the allocation of such disbursements, and upon such application the court shall allow to the Commission and such of its subsidiary corporations as may be involved such reasonable amount as shall compensate it and them for any serv-

ices including legal services, rendered to such property, bond or mortgage, or group thereof, and also for the servicing of such property, bond or mortgage, or group thereof; such application shall be made upon such notice as the court may direct, and the order of the court when entered shall be binding upon the Commission and all holders of mortgage investments affected. Subject to any prior lien or charge imposed pursuant to subsection four of section five hereof, the Commission shall have a lien or charge upon the property, bond or mortgage, or group thereof, affected thereby superior to the right or interest therein of all holders of mortgage investments affected thereby for the reimbursement and payment of its expenses and the expenses of the Superintendent of Insurance and the Superintendent of Banks and the allowance made by the court and shall reimburse and pay itself and the said Superintendents out of any moneys which constitute the proceeds thereof."

Pursuant to the above statute the Mortgage Commission has made an allocation of its charges and expenses in relation to each mortgage, property or group thereof coming under its jurisdiction. The servicing costs for the period during which the mortgage was under the jurisdiction of the Mortgage Commission, to wit, from May 15, 1935, to November 10, 1937, the reorganization and foreclosure costs and disbursements thereof, are predicated and fixed upon the basis of this allocation and total the sum of $615.05. As against this the Mortgage Commission has received the sum of $388.78, of which $195.75 was borrowed from the State revolving fund to defray the costs and disbursements of the foreclosure, and the balance taken from money belonging to the issue, including a reorganization fee. This leaves a balance due the Commission of $226.27, which is a charge against all the certificate holders, including the defendant Daly, who owns 374/380 of the certificates. Consequently he owes the Mortgage Commission 374/380 of the $226.72, or $222.72. Since the defendant Daly stands in this action in the dual capacity of owner of the equity and of 374/380 of the outstanding certificates, he is liable in that proportion for the $195.75 advanced by the State revolving fund for costs and disbursements of the foreclosure action, or in the sum of $192.69.

The moving party attacks herein the constitutionality of the Mortgage Commission Act and the acts amendatory thereof. He argues that the act purports to sustain its constitutionality on the basis that it was enacted as emergency legislation, when in fact it is not remedial of the emergency.

With this contention I cannot agree. To me it seems that the Mortgage Commission Act is remedial in its nature and in its operation.

The enactment creating a Mortgage Commission (Laws of 1935, chap. 19) was intended to supersede the authority of the State Superintendent of Insurance and the State Superintendent of Banks under the Schackno Act (Laws of 1933, chap. 745). The conditions prevailing among holders of mortgage certificates and investments, outlined in section 1 of article I of the Mortgage Commission Act, led the Legislature to declare " the existence of a public emergency affecting the health, safety and comfort of the people," which required the enactment of the provisions of this act as " essential to protect the vital interests of the State." Various phases of this act have been upheld as constitutional by our highest courts.

Thus in *Wolff* v. *Mortgage Commission* (270 N. Y. 428) the provisions of the Mortgage Commission Act authorizing the Commission to borrow money on the security of mortgages to pay taxes and costs and disbursements of foreclosure, were upheld.

In *Matter of Mortgage Commission (1175 Evergreen Avenue)* (270 N. Y. 436; affd., 299 U. S. 521; 57 S. Ct. 321) the procedural requirements of said act (Art. V, § 7) were upheld.

Again, in *Moore* v. *Barker* (270 N. Y. 648) the right of the Mortgage Commission to borrow a stated sum of money on the security of property foreclosed, to pay taxes and to rehabilitate the property, was upheld.

I have been unable to find any adjudication, nor has any been drawn to my attention, wherein any phase of the Mortgage Commission Act has been declared void upon the ground of unconstitutionality.

It is to be noted, however, that the decision in *Wolff* v. *Mortgage Commission* (*supra*) rests upon the broad underlying principle " that the strict contract right of the individual is subject to the right of the State under its reserved power to enact laws to preserve the State itself or to avert an impending danger which threatens the general welfare of the State. (*Shepherd* v. *Mount Vernon Trust Co.*, 269 N. Y. 234, 243; *Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398.)"

As to the statute pursuant to which the Mortgage Commission asks reimbursement for its costs and expenses in the administration of the mortgage herein involved (Laws of 1936, chap. 729), the Court of Appeals in *Matter of People (Tit. & Mort. Guar. Co.)* (264 N. Y. 69) has upheld a similar provision in the Schackno Act (Laws of 1933, chap. 745, § 4), wherein the Superintendent of Insurance was authorized to " deduct * * * a reasonable amount to cover the costs and expenses of any such collection, suit or foreclosure action, or any other functions performed by him pursuant to this act."

Accordingly the costs and disbursements of the Mortgage Commission and its subsidiaries in this action are approved, and the motion of the defendant Thomas Daly granted on condition that he pay the sum of $222.72 and the sum of $192.69 respectively as due the Mortgage Commission, its subsidiaries and the State revolving fund; that he pay the sum of $600 and interest at six per cent from January 1, 1934, to November 10, 1937, totaling $756.90, together with accruing interest at six per cent from November 10, 1937, to the date of closing; and that thereupon the Mortgage Commission discontinue the foreclosure action and assign or satisfy the mortgage upon the defendant Daly surrendering the certificates in said mortgage in the sum of $37,400.

Settle order on two days' notice.