## BROOKLYN TRUST CO. v. REMBAUGH.
### No. 231.

Circuit Court of Appeals, Second Circuit.
March 18, 1940.

David W. Kahn, of New York City (Nathan Siegel, of New York City, of counsel), for debtor-appellee.

O'Malley & Wilson, of New York City (Walter F. O'Malley and Nicholas P. Callaghan, both of New York City, of counsel), for petitioner-appellant Brooklyn Trust Co., as trustee.

Leon Leighton, of New York City, for Frank L. Weil, William E. Russell, and Raymond J. Scully, as trustees of Series C–2, New York Title & Mortgage Co.

Wagner, Quillinan & Rifkind, of New York City, for Aaron Rabinowitz, James L. Clare, and Lawrence N. Martin, as trustees of Series F–1, New York Title & Mortgage Co.

McLanahan, Merritt & Ingraham, of New York City, for Lawyers Mortg. Corporation, as trustee of various issues of Lawyers Mortg. Co.

Kramer & Kleinfeld, of New York City, for P. Walker Morrison, Lazarus Joseph, and Leon Leighton, as trustees of Series B–K New York Title & Mortg. Co.

Thomas Keogh, of New York City, for Armin H. Mittlemann, Joseph D. Nunan, Jr., and Harry V. Hoyt, as trustees of Series Q, New York Title & Mortgage Co.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Heilbronn Realty, Inc., filed its voluntary petition for reorganization under Chap. 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., in the District Court for the Southern District of New York on September 22, 1939, and an order approving it was filed the same day. Appellee, Bertha Rembaugh, in due course became the trustee of the debtor. The debtor's property, with the exception of a negligible amount of cash, consists entirely of real estate which is an apartment house known as No. 7040 Colonial Road in Brooklyn, N. Y. This property is covered by a mortgage which secures a bond that was formerly owned by the Title Guarantee and Trust Company. The latter issued certificates of participation in said bond and mortgage which were bought by investors who will herein be called certificate holders. They each owned undivided interests in the bond and mortgage and their right to receive payment of interest and principal as their certificates provided was guaranteed by the Bond and Mortgage Guarantee Company.

This proceeding for reorganization under the federal statute followed state court action now to be briefly described. In August, 1933, after the mortgagor and the guarantor had both defaulted, the Superintendent of Insurance of the State of New York commenced proceedings in the state court for the rehabilitation of the Bond and Mortgage Guarantee Company under the provisions of the state law.

Proceedings for the reorganization of this debtor's mortgage were begun in accordance with the state law known as the Schackno Act, Chap. 745, Laws of 1933, Unconsol.Laws, § 1796 et seq. Later the effort to rehabilitate the guarantor was abandoned and the proceeding became one for liquidation.

The debtor's mortgage was, however, reorganized under the provisions of the state law known as the Mortgage Commission Act, Chap. 19 of Laws of 1935, Unconsol.Laws, § 1751 et seq. Both these acts have been held valid. Matter of Title & Mortgage Guarantee Company, 264 N.Y. 69, 190 N.E. 153, 96 A.L.R. 297, and Wolff v. Mortgage Commission, 270 N.Y. 428, 1 N.E.2d 835.

By October 14, 1937, the proceedings had progressed to the point where the New York Mortgage Commission, which had acquired as a statutory trustee an interest in the bond and mortgage which it is now unnecessary to define closely, filed a plan in the state court proceedings which modified the rights of the certificate holders in the bond and mortgage and also the rights and duties of the debtor as owner and mortgagor of the property. This plan provided for the appointment of a permanent trustee to hold the bond and mortgage and for the transfer to that trustee of the rights and interests of the certificate holders.

Due notice of a hearing on the plan was given and, pursuant to such notice, after hearing the plan was approved with certain modifications by order of the state court dated December 20, 1937. This plan so modified and approved was expressly accepted and agreed to by the debtor.

Thereafter, the appellant Brooklyn Trust Company was appointed trustee of said bond and mortgage under an express trust for the benefit of the certificate holders. See Sec. 15 of New York Personal Property Law, Consol.Laws, c. 41. This trust could not be revoked except with the consent of at least two-thirds in amount of the certificate holders and with the approval

of the New York Supreme Court in which the proceeding was pending which retained jurisdiction over the res and over the appellant trustee pending liquidation of the trust estate.

The debtor thereafter undertook to pay interest and principal as provided by the plan approved in the state court proceedings with its consent but by July 1, 1939, was in default thereunder. It continued to default and on September 1, 1939, the Brooklyn Trust Company, as trustee, commenced an action to foreclose the mortgage in the state court. A receiver was appointed in the foreclosure action who proceeded to take possession of the mortgaged property and to collect the income. The mortgagor soon brought its petition for reorganization under the Bankruptcy Act as above stated. Prosecution of the foreclosure action was stayed and appellee Rembaugh appointed trustee. This appeal followed. The issue on appeal is a rather narrow one. We have no doubt of the jurisdiction of the district court since the Bankruptcy Act in Sec. 256, 11 U.S.C.A. § 656, expressly confers it notwithstanding prior proceedings in a state court. Nor do we think there is any substantial ground for attacking the exercise by the trial judge of discretion to approve the petition as one filed in good faith within the broad meaning of that term. Manati Sugar Company v. Mock, 2 Cir., 75 F.2d 284; In re Murel Holding Corp., 2 Cir., 75 F.2d 941.

But there is, however, another phase of the requirement of good faith which is here lacking. Though this debtor did not itself propose a plan, it assented to one proposed by another and is in the position of one who voluntarily submitted the plan for the reorganization in the state court. It has asked that court to act and, when it has found compliance with state court orders irksome, it has sought to invoke the federal jurisdiction instead of seeking relief in the state court. After electing to have the mortgage provisions modified in the state court proceedings it could not escape from the consequences of the plan to which it had assented by simply filing a petition for reorganization in the federal court while the proceedings in the state court were still pending. The petition should, accordingly, have been dismissed.

Reversed.