## In re CASTLE BEACH APARTMENTS, Inc.

### No. 360.

Circuit Court of Appeals, Second Circuit.

July 19, 1940.

Clark, Gagliardi & Cunningham, of White Plains, N. Y. (Frank M. Gagliardi and Charles T. Murphy, both of White Plains, N. Y., of counsel), for appellants.

Lawrence Wiseman, of New York City, for trustee-appellee.

N. William Welling and Lillian D. Rock, both of New York City, for debtor-appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The debtor owns, as practically its only assets, an apartment house in Mamaroneck, N. Y., known as the Orienta Point Apartments. It purchased the property at a foreclosure sale which was the result of an attempt by a previous owner to reorganize the property in a proceeding under state law in the New York Supreme Court for Westchester County. The debtor, not a party to the proceedings in the state court, bought the property for $500,000 of which it paid $50,000 in cash and on August 1, 1935 gave the appellants a purchase money bond secured by a mortgage upon the apartment building for $450,000. As trustees they hold the bond and mortgage for the benefit of the holders of participating certificates therein.

The debtor having defaulted on the bond and mortgage, the trustees brought a foreclosure action in the state court on March 5, 1940. On the same day the debtor filed its petition for reorganization under Chap. X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., in the District Court for the Eastern District of New York. It was duly approved as filed in good faith and the foreclosure action was stayed. The appellants then moved to vacate the order of approval and to have the petition dismissed. This appeal is from the denial of that motion.

Considerable reliance has been placed upon the fact that this property was the subject matter of a previous attempt at reorganization in state court proceedings but that must be put to one side as immaterial since the debtor was not a party and became the owner only as a later purchaser. There has been no state court proceeding for the reorganization of this debtor and, even had there been, that alone would not have been adequate ground for the dismissal of the petition. Brooklyn Trust Co. v. Rembaugh, 2 Cir., 110 F.2d 838.

Nor is it presently enough to secure a dismissal to show that the debtor is insolvent. In re Central Funding Corp., 2 Cir., 75 F.2d 256. That may, indeed, be of great importance ultimately on the question of ability to secure the necessary consents to bring about the approval of a plan. At this time, however, there is no sufficient reason on that score for deciding that the district judge did not exercise sound discretion when he approved the petition and when he refused to grant the appellants motion to dismiss. We cannot surely say that the attempt to reorganize is so hopeless that good faith is absent and

so should uphold the judgment of the district judge in that respect at this stage of the proceedings.

Nor is it enough to defeat the jurisdiction for the appellants to show that they as trustees have been given all the rights of an absolute owner under the declaration of trust and that they will oppose any plan. They are, nevertheless, trustees acting as such for the benefit of the certificate holders and may not vote in their stead unless, at least, the judge permits that. Sec. 212 of the Bankruptcy Act, 11 U.S.C.A. § 612. Though some seventy-five per cent of the certificate holders have indicated that they will not approve any plan, there is no proof that such an expression of disfavor was obtained with the consent of the court first obtained as required by Sec. 176 of the Act, 11 U.S.C.A. § 576. In the absence of that it was quite right to ignore the representation of the attitude of those certificate holders. We are not much impressed by the apparent chances of the debtor to effect a reorganization but do not now feel justified in holding that an abuse of discretion has been shown.

Affirmed.