## In re BLINRIG REALTY CORPORATION.

### No. 394.

Circuit Court of Appeals, Second Circuit.

Aug. 16, 1940.

Chester T. Lane, Gen. Counsel, Securities and Exchange Commission, of Washington, D. C., and George Zolotar, and Charles Rembar, both of New York City, for Securities and Exchange Commission.

Dreyer & Traub, of Brooklyn, N. Y. (Abraham Traub and Henry Heymann, both of Brooklyn, N. Y., of counsel), for appellant.

Herman G. Robbins, of Brooklyn, N. Y., for debtor-appellee.

Before CHASE, CLARK, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

■ This appeal presents a situation where a debtor, after trying since 1936 to reorganize in proceedings under the New York State law in the state court without success, filed its petition for reorganization under Chap. X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., in the District Court for the Eastern District of New York. The prior state court proceedings were not themselves an absolute bar to its so doing. Brooklyn Trust Co. v. Rembaugh, 2 Cir., 110 F.2d 838. But good faith in the sense of a fair likelihood of success despite the vain efforts to reorganize already made needed to be shown prima facie at least in order to entitle the petition to approval. In re Castle Beach Apartments, 2 Cir., 113 F.2d 762, decided July 19.

■■ The debtor's assets are an apartment building in Brooklyn, N. Y., known as No. 500 Ocean Avenue. It is covered by a first mortgage which is in default and on which there is due the sum of $398,500 and accrued interest. There is also a second mortgage on the property and the debtor owes unsecured debts of $4,477. The present value of the real estate does not clearly appear but there is no reason to believe there is any equity. The mortgagee is the Title Guarantee and Trust Company holding as trustee for the benefit of one hundred and seventy owners of participating certificates. Under the trust agreement, the trustee was "vested with all the rights and powers of an absolute owner of the property." It insists that it alone may, therefore, represent the first mortgage indebtedness in voting on any plan to be proposed and, as its consent cannot be obtained, it was error to approve the petition. It has, however, no such certain power to block the acceptance of a plan in its capacity as trustee. In re Castle Beach Apartments, supra. Yet good intentions are not enough. Tennessee Publishing Co. v. American National Bank, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13; Manati Sugar Company v. Mock, 2 Cir., 75 F.2d 284. There must be fair assurance that the attempt to reorganize will be followed by success. Provident Mutual Life Ins. Co. v. University Ev. L. Church, 9 Cir., 90 F.2d 992.

■ We did not think the history of the debtor's efforts to reorganize in the state court warranted the belief that there was a reasonable hope of success here after failure there. For about three years a state court judge had endeavored to get a plan accepted. At first a plan was submitted in 1936 which he refused to approve. The president of the debtor was then acting as agent for the assignee under an assignment of rents and the judge then appointed a new agent in his stead. Then the debtor applied for an order to compel the trustee to accept designated payments on account of current arrears and to continue the owner management under the assignment of rents. This was denied and on appeal to the Appellate Division the order was affirmed. Following that, the debtor paid the arrears and secured the management of the property for itself. Then the debtor requested that application be made in the state court to modify and extend the mortgage. An order so to extend the mortgage was made on September 27, 1937, but the debtor would not then agree to do so and the order was vacated about a year later. Then an action to foreclose the mortgage was begun and a receiver

appointed. This was followed by these proceedings.

After so much fruitless effort in the state court, something more than a change of tribunals was needed. There was no reasonable ground for believing that the debtor's creditors would agree to a plan with less favorable terms or that the debtor could do any better in these proceedings than it had in those in the state court. There must be a limit to optimism in such matters after such long and vain efforts and we cannot agree that there was adequate ground for treating this petition as filed in good faith.

Order reversed.

Before he resigned Judge PATTERSON heard the argument of this appeal and voted at the conference to reverse the judgment. Since his resignation he has read the opinion and authorizes us to say that it accords with his views.