In re DALTON SCHOOLS, Inc.

District Court, S. D. New York.

Jan. 8, 1943.

Stanley M. Isaacs, of New York City, for debtor.

Matthew Greene, of New York City, for petitioner.

BONDY, District Judge.

The Bankruptcy Act, Section 198, 11 U.S.C.A. § 598, provides that an indenture trustee may file claims for all holders of securities issued pursuant to the instrument under which he is trustee, who have not filed claims. Bankruptcy Rule X–17(c) of this Court provides that the amount of the claim filed by the indenture trustee shall be deemed to be reduced by such part of the claim as is represented by securities on which proofs of claim of interest have been filed by the holders thereof and allowed.

The trustee under a mortgage indenture or declaration of trust may file a claim for the full amount of the indebtedness secured by the deed, mortgage or indenture subject to reduction to the extent that the certificate holders file individual claims. See In re Prudence Co., Inc., 22 F.Supp. 264. Gerdes, Corporate Reorganizations (1936) pp. 1784–1786.

This right of the certificate holders for whose benefit the mortgage is held by the trustee is not affected by the fact that the indenture vests the mortgage trustee with all the rights and powers of an absolute owner, or by the fact that the trustee was appointed and his appointment approved pursuant to the provisions of the Schackno Act, McK. Unconsol. Laws, § 4871 et seq. In re Blinrig Realty Corp., 114 F.2d 100, 101, the court stated: "It [the trustee] insists that it alone may, therefore, represent the first mortgage indebtedness in voting on any plan to be proposed and, as its consent cannot be obtained, it was error to approve the petition. It has, however, no such certain power to block the acceptance of a plan in its capacity as trustee." In re Castle Beach Apartments, 2 Cir., 113 F.2d 762, 764, it is stated "Nor is it enough to defeat the jurisdiction for the appellants to show that they as trustees have been given all the rights of an absolute owner under the declaration of trust and that they will oppose any plan. They are, nevertheless, trustees acting as such

for the benefit of the certificate holders and may not vote in their stead unless, at least, the judge permits that."

This court has approved the petition.

■ There is not any reason for assuming that it was intended by the Schackno Act or any declaration of trust thereunder to control or impair the power of the bankruptcy court to determine whether the persons for whose benefit the mortgage is held, shall be entitled to file a claim or vote upon a proposed plan in proceedings in which the petition for reorganization has been approved by the court.

■ The motion to confirm the referee's report accordingly is denied. The trustee may file a claim for the full amount secured by the mortgage, and the holders of the trustee's certificates for the amount of their claims.