In re CHAMP BREWING CO.

No. 10541.

District Court, M. D. Pennsylvania.

July 21, 1947.

Stephen A. Teller, of Wilkes Barre, Pa., Francis X. Feighan, of Cleveland, Ohio, and Ned L. Mann, of Euclid, Ohio, for petitioning creditors.

Arthur Silverblatt, of Wilkes Barre, Pa., for receivers appointed by Court of Common Pleas, Luzerne Co., Pa.

Morton P. Rome, of Philadelphia, Pa., for Joseph Rappano, Henry Masteller, and James J. McGinnis, creditors.

Vivian P. Edwards, of Wilkes Barre, Pa., for Warrior Beverage Co., creditor.

Benjamin R. Jones, Jr., of Wilkes Barre, Pa., Jos. J. Cimino, and James W. McNulty, both of Scranton, Pa., and Frank Slattery, Jr., and Edward H. Sheporwitch, both of Wilkes Barre, Pa., for other creditors.

WATSON, District Judge.

This matter came on to be heard upon the petition of General Outdoor Advertising Co., Gilmore H. Schwartz, Breuell Products, and Central Grain & Malting Company, creditors of the debtor, praying that proceedings be had under Chapter X of the Act of Congress relating to bankruptcy, 11 U.S.C.A. § 501 et seq. Thereafter, and at the time when this matter was set down for hearing on the petition, additional creditors joined in the prayer of the petitioning creditors.

At the hearing testimony was taken, and it appeared from the testimony and the

pleadings that receivers were appointed for the property of the debtor by the Court of Common Pleas of Luzerne County, Pennsylvania; that the receivers have charge of the property of the debtor, and have had charge of said property for the past five months; that the business of the debtor is that of manufacturing and sale of malt beverages; that the market for the product of the debtor has been lost; that many thousands of dollars will be required for working capital; and many months time before the business of the debtor might be operated without a loss; that all of the common stock of the debtor is owned and controlled by one person; that the debtor is not now a going-concern; that the receivers now in charge of debtor's business and property might rehabilitate the assets of the debtor and cause the debtor to be a going-concern; and that, at the present time it is unreasonable to expect that a plan of reorganization can be effected.

Section 141, chapter 10, of the Bankruptcy Act, provides:

"Upon the filing of a petition by a debtor, the judge shall enter an order approving the petition, if satisfied that it complies with the requirements of this chapter and has been filed in good faith, or dismissing it if not so satisfied."

Section 146 provides in part as follows:

"Without limiting the generality of the meaning of the term 'good faith', a petition shall be deemed not to be filed in good faith if— * * *

"(3) it is unreasonable to expect that a plan of reorganization can be effected; or

"(4) a prior proceeding is pending in any court and it appears that the interests of creditors and stockholders would be best subserved in such prior proceeding."

■ It is apparent that the petitioners really desire to have this court undertake the reviving of a lost business. Such is not the function of this court. This court's duty is to operate the business of a corporation, a going-concern, when it can be done without a loss but only pending the working out of a plan of reorganization which it is reasonable to expect can be effected. In this case, the debtor is not a going-concern, and to make it such will require thousands of dollars for working capital. Working capital is just as available to the Court of Common Pleas of Luzerne County as it is to this court, and the receivers appointed by the Court of Common Pleas of Luzerne County have qualified and are now in charge. Receivers appointed by the Court of Common Pleas of Luzerne County are just as well qualified to conserve the assets of the debtor as trustees appointed by this court.

■ "While the pendency of prior proceedings in state or federal courts does not bar the filing of a petition under Ch. X (§ 256), Congress in effect directed the bankruptcy courts not to approve petitions under Ch. X in such cases unless it appeared that the interests of creditors and stockholders would not be best subserved in the prior proceedings. And it put the burden on the petitioner to make that showing."[1]

■ In this case, the petitioners have not met the burden of showing that the interest of creditors and stockholders would not be best subserved in the proceedings in the Court of Common Pleas of Luzerne County, and there is nothing in the record from which the court can find that it is reasonable to expect that a plan of reorganization can be effected.

The petition, in my opinion, has not been filed in good faith for the following reasons:

1. It is at this time unreasonable to expect that a plan of reorganization can be effected.

2. It does not appear that the interests of creditors and stockholders of the debtor would not be best subserved in the proceedings in the Court of Common Pleas of Luzerne County, Pennsylvania.

3. It appears that the interests of creditors and stockholders will be best subserved in the proceedings in the Court of Common Pleas of Luzerne County, Pennsylvania.

The petition filed is dismissed without prejudice.

---

[1] Marine Harbor Properties v. Manufacturer's Trust Co., Trustee, 317 U.S. 78, 83, 63 S.Ct. 93, 96, 87 L.Ed. 64.