**In re DOYLE MFG. CORPORATION.**

District Court, N. D. New York.

March 4, 1948.

Bond, Schoeneck & King, of Syracuse, N. Y. (Howard H. Cannon, of Syracuse, N. Y., of counsel), for petitioner.

Wiles & Wiles, of Syracuse, N. Y. (Ben Wiles, Jr., of Syracuse, N. Y., of counsel), for creditor Bendix Aviation Corp.

N. Edward Rosenberg, of Syracuse, N. Y., for creditor Syracuse Foundry, Inc.

BRENNAN, District Judge.

This is a corporate reorganization proceeding. The Bendix Aviation Corporation, a creditor, has interposed an answer under the provisions of Title 11 U.S.C.A. § 537, and in accordance with Section 544 seeks the dismissal of the involuntary petition filed by three creditors in which they request the benefits of Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petition has heretofore been approved by this Court.

A concise statement of fact is deemed advisable as a background for the decision herein.

The debtor is a general manufacturing corporation equipped to produce merchandise of the machine shop variety. It has had a successful background of experience. Its present financial difficulties arose in its attempt to convert from its wartime production of airplane parts to the production of power lawn mowers and similar articles. It may be safely stated that its principal product, the power lawn mower, did not meet the approval of the trade, with the result that in July, 1947, the debtor filed a petition for an arrangement under the provisions of Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. That the desired relief could not be obtained in that proceeding is clearly shown by the proposed plan, which attempted to deal with stockholders and made no provision for the payment of priority debts.

About December 9, 1947, the Referee in Bankruptcy adjudicated the debtor a bankrupt. After consultation with the Court a petition in reorganization under Chapter 10, and in accordance with the provisions of 11 U.S.C.A. §§ 526 and 527, was thereafter presented and approved. On January 2, 1948, a motion was made by a creditor, in which the present answering creditor joined, to dismiss the petition upon the general grounds that the petition was not filed in good faith within the meaning of Title 11 U.S.C.A. § 546. The motion was denied, and an appeal from the order of denial is now pending.

It appears without dispute that the debtor is the owner, free from mortgage liens, of a physical plant located at Syracuse, New York, which was appraised in the Chapter 11 and in the present proceeding at approximately $80,000; that it owns valuable assets consisting of machinery and equipment and other assets, such as inventories, parts, etc., which were appraised in the Chapter 11 proceeding as having a going

118

concern value of about $800,000, and which has been appraised in the present proceeding as having a market value of approximately $170,000. It has issued approximately 200,000 shares of stock of two separate classes.

Among the items of its liabilities is an item of about $50,000 due the Reconstruction Finance Corporation by reason of a conditional sales contract covering certain items of machinery. The United States of America has a claim against the debtor by reason of contract renegotiation proceedings of about $117,000. The matter of certain taxes claimed to be due to the United States from the debtor, and a refund of taxes due the debtor from the United States are also matters in controversy. Two banks to which the debtor is indebted in an amount of approximately $50,000, hold accounts receivable as security for such indebtedness.

Claims in the total amount of about $600,000 were filed, of which a considerable number were filed by claimants who sought to recover damages from the debtor by reason of alleged defective lawn mowers or equipment. Such claims were not liquidated or allowed in either the Chapter 11 or in the bankruptcy proceedings.

The answer herein does not seem to deny specifically any of the allegations of the petition, but seeks to put in issue the conclusion that the facts justify the granting of the relief afforded in Chapter 10. The burden of the answering creditors' contentions is that the debtor is not in fact a going concern, having ceased manufacturing at the time of the institution of the Chapter 11 proceeding; that it has no product, and that it is so hopelessly insolvent that to expect reorganization is unreasonable.

■ At the outset it must be borne in mind that of the large number of creditors the Bendix Corporation and possibly the Syracuse Foundry—in whose behalf the prior motion to dismiss was made—are the only creditors seeking the dismissal of the petition. This Court has recently found the debtor to be insolvent but such finding does not, of course, foreclose the remedy afforded by Chapter 10. In re Castle Beach Apartments, 2 Cir., 113 F.2d 762.

■ The objecting creditor challenges the good faith of the petitioner, as the term is negatively defined in Title 11 U.S. C.A. § 546. It is urged that it is unreasonable to expect that a plan of reorganization can be effected, and that the prior bankruptcy proceeding would best serve the interest of the creditors and stockholders. Reliance is placed upon the decisions of Marine Harbor Properties, Inc. v. Manufacturers Trust Company, 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64; Fidelity Assurance Ass'n v. Sims, 318 U.S. 608, 63 S.Ct. 807, 87 L.Ed. 1032, and In re Champ Brewing Company, D.C., 72 F.Supp. 764. These cases hold in brief that the necessity for the relief must be shown in a Chapter 10 proceeding; that such proceeding may not be turned into a liquidation at the outset and that the proceeding was not intended to revive a business already lost. The Court is familiar with such cases and with the principles of law laid down therein, but same are not interpreted to mean that the success of the reorganization plan must be assured at the time of the approval of the petition, or that if some parties prefer liquidation the interests of other creditors should be ignored.

■ The Court has no difficulty in arriving at the conclusion that the provisions of Chapter 11 are inadequate, and that the interests of the creditors and stockholders would not be best served by present liquidation. This conclusion is reached by reason of the existence of the rights of stockholders and secured creditors insofar as Chapter 11 is concerned, and for the reason that upon petitioners' own statements the interest of stockholders would be entirely lost in a bankruptcy liquidation proceeding. Title 11 U.S.C.A. § 546 (4), upon which a part of the objecting creditor's contention is based, refers to interests of "creditors and stockholders". Here, but two creditors and no stockholders appear to urge that liquidation is the best way out of their precarious financial position.

■ There remains to be considered the question as to whether it is reasonable to expect that a plan of reorganization could be effected. Certainty of success is not required. The word "unreasonable" as

used in 11 U.S.C.A. § 546, must mean "without reason or basis". If we take the going concern appraisal as made in the Chapter 11 proceeding, then the assets of the debtor exceed its liabilities, and certainly it could not be unreasonable to expect that a plan might be effected. This conclusion is confirmed by the plan submitted under Chapter 11 which involves a consideration moving to the stockholders. The Court does not mean to imply that such plan was an acceptable one. Even if the appraisal made in this proceeding be considered as more accurately expressing the true value of the assets, it does not seem to this Court unreasonable to expect that such assets, set up in an unencumbered plant and ready for production, would be attractive to a manufacturer of machine products.

■■ The Court can not shut its eyes to the obvious fact that machinery is a scarce article of merchandise at the present time; that there is an active market for used machinery and that selfish interests may readily arise when there is the prospect of such articles being offered for sale. It is the Court's obligation to preserve the going concern value of this debtor for the benefit of those having a financial interest therein. The avoidance of unnecessary or premature liquidations is one of the principal purposes of the Chandler Act. Claridge Apts. Co. v. Comm. of Internal Revenue, 323 U.S. 141, 65 S.Ct. 172, 89 L.Ed. 139. The liquidation of a plant of the type of the debtor is a matter of private and public concern, and while it may be a fact that subsequent developments indicate that it will be necessary to liquidate the assets of the debtor, this Court is not inclined to reach that conclusion, until the creditors, stockholders and the public have had an opportunity of knowing with certainty the financial status of the debtor, and being afforded the opportunity to present a plan for its continuance as a going business.

"No plan was, or could be, submitted by the debtor with its petition, and we see no error in the district judge's conclusion that the trustees in reorganization should have an opportunity to explore the possibilities and propose a plan before he should de-cide that it was unreasonable to expect that any reorganization could be effected. Cf. In re Blinrig Realty Corp., 2 Cir., 114 F.2d 100." In Re Marine Harbor Properties, 2 Cir., 125 F.2d 296, at page 298, affirmed 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64.

The Court finds that the petition was filed in good faith within the meaning of the statute; that the material allegations of the petitioners are sustained by the facts.

■ "If the court finds that most all of the creditors believe there is hope in the situation and that something worthwhile can be saved from the wreck and there exists a reasonable possibility of improving the position of all creditors, the stamp of approval will be readily given. This we take it is the issue of good faith and this court will seldom disturb the district court's ruling, especially when the vast majority of the creditors favor it." In re Diversey Hotel Corp., 7 Cir., 165 F.2d 655, 658.

■ Order, if not agreed upon, may be settled upon two days' notice. Since the facts for the most part were before the Court, or established by admission, no costs will be allowed.