**In re BERMEC CORPORATION,**
**Debtor,**
**Pacar Financial Corp., et al., Appellants.**

**Nos. 1089, 1090, 1095,**
**Dockets 71–1597, 71–1642, 71–1667.**

United States Court of Appeals,
Second Circuit.

Argued July 15, 1971.

Decided July 20, 1971.

J. Coleman Bean, Washington, D. C. (Paskus, Gordon & Hyman, New York City, Howrey, Simon, Baker & Murchison, Washington, D. C., on the brief, John S. Voorhees, Donald J. Gavin and Gerald Kadish, Washington, D. C., of counsel), for appellant Pacar Financial Corp.

Harry Margolis, New York City (Hahn, Hessen, Margolis & Ryan, New York City), for appellant White Motor Corp.

Krause, Hirsch & Gross, New York City, for appellant International Harvester Credit Corp.

Charles Seligson, New York City (and Weil, Gotshal & Manges, New York City, on the brief, Harvey R. Miller and William R. Fabrizio, New York City, of counsel), for debtor-appellee Bermec Corp.

Everett A. Eisenberg, New York City (Graubard, Moskovitz, McGoldrick, Dannett & Horowitz, New York City, on the brief, Philip Kazon and Jean C. Lucas, New York City, of counsel), for the Trustees of Bermec Corp., appellees.

Paul Gonson, Asst. Gen. Counsel (for David Ferber, Washington, D. C., Solicitor), for the Securities and Exchange Comm., appellee.

Before MANSFIELD, Circuit Judge, MacMAHON and GURFEIN, District Judges.*

PER CURIAM:

On March 29, 1971 Bermec Corporation ("Bermec") filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C. Sections 701–799 and by order of the District Court was permitted to remain as debtor-in-possession. On April 16, 1971, Bermec, with the permission of the District Court, filed an amended petition under Chapter X of the Bank-

* Of the District Court for the Southern District of New York, sitting by designation.

ruptcy Act, 11 U.S.C. Sections 501–676. Secured creditors of Bermec, including appellants Pacar Financial Corp. ("Pacar"), White Motor Corp. ("White"), International Harvester Credit Corp. ("Harvester"), and Ford Motor Credit Corp. ("Ford"), opposed the Chapter X petition on the ground that it was not "filed in good faith" (11 U.S.C. Sections 541, 544) because "it is unreasonable to expect that a plan of reorganization can be effected" as is required under 11 U.S.C. Section 546(3).

Judge Metzner appointed Referee in Bankruptcy Herzog as a Special Master to hear and report on the approval of the petition, pursuant to the statutory requirement that "the District Court shall enter an order approving the petition if satisfied that it complies with the requirements of this chapter and has been filed in good faith and the material allegations are sustained by the proofs, or dismissing it if not so satisfied" (11 U.S.C. Section 544). The Special Master held a hearing upon notice at which two witnesses testified—Herbert Degnan, the President of the Debtor, on behalf of the petitioner, and Robert W. Anderson, a consultant of Ryder Systems, an expert in the lease trucking industry, on behalf of the objecting secured creditors. The Special Master filed a report in which he reviewed the evidence and found that it is not unreasonable to expect that a plan of reorganization can be effected and that the petition was filed in good faith. He recommended that an order be entered, pursuant to 11 U.S.C. Section 541 approving the petition. On motion by the Debtor to confirm the Special Master's Report, Judge Metzner after a hearing under Rule 53(e) F.R.Civ.P., made the recommended order approving the petition. Pacar, Harvester, Ford and White, secured creditors, appealed from the order. We affirm.

Bermec is engaged in the business of leasing trucks and tractor-trailers throughout the United States and Canada. It operates 65 maintenance terminals. It has 600 employees with a monthly payroll of $500,000. There are approximately 15,000 shareholders. During the last four years it has sustained substantial operating losses and is presently unable to meet its obligations. The Special Master also found that Bermec is insolvent.

The Special Master noted that the manufacturing group of secured creditors which includes appellants are opposed to any reorganization that would not provide complete and immediate payment of the secured indebtedness and contend that their collateral is depreciating rapidly and quick enforcement of their liens is essential for their protection. He found, however, that despite present losses of $500,000 each month, certain affirmative steps can be taken which could result in a profitable or at least a break-even operation. Among the steps that can be taken by the Trustees according to Degnan's testimony were the following: (1) the favorable renegotiation of certain unprofitable rental-of-equipment contracts under the threat of rejection by the Trustees; (2) revenue improvement by a substantial seasonal increase in revenues in the ensuing Summer months; (3) the sale of excess equipment which could result in substantial operating savings; (4) savings on revenues arising from escalation clauses; (5) more effective fuel control; and (6) anticipated new business which would produce a large percentage of profit because fixed costs would already have been met. The Special Master accepted these estimates as reasonable after reviewing the testimony of Mr. Anderson as well. The District Court confirmed the findings.

We are asked to reverse the findings of the District Court. While the burden of proving "good faith" is upon the petitioner in a Chapter X proceeding, Marine Harbor Properties, Inc. v. Manufacturer's Trust Co., 317 U.S. 78, 84–85, 63 S.Ct. 93, 87 L.Ed. 64 (1942), the determination of whether that burden has been met rests with the District Court under Section 144 of the Bankruptcy Act (11 U.S.C. Section 544). We cannot set that finding aside unless

it is clearly erroneous. Grubbs v. Pettit, 282 F.2d 557 (2 Cir. 1960). Here the Court's findings are supported by substantial evidence. While contrary proof was offered by the secured creditors through an expert witness it was for the District Court to determine the credibility and weight to be extended to the conflicting testimony.

Appellants argue that the petitioner has failed to show that it is reasonable to expect that a plan of reorganization can be effected in this case. Upon a review of the evidence we do not agree. A specific plan of reorganization need not be contained in the petition. "The petitioner need only demonstrate that there exists a reasonable possibility of successful reorganization." See Grubbs v. Pettit, *supra*; Matter of Castle Beach Apartments, Inc., 113 F.2d 762 (2 Cir. 1940).

We are conscious of the deep concern of the manufacturing secured creditors lest their security depreciate beyond adequate salvage, but we must balance that with the Congressional mandate to encourage attempts at corporate reorganization where there is a reasonable possibility of success. Nor can we find clearly erroneous the finding that the Trustees will be able to pay the "economic depreciation" on the secured creditors' equipment so as approximately to preserve their *status quo*. In sum, we cannot find the prospect so hopeless as to require setting aside the order below as might have been required in a case where there was, indeed, no reasonable possibility of a successful reorganization. Cf. In re Hunterbrook Building Corp., 276 F.2d 190 (2 Cir. 1960); In re Blinrig Realty Corp., 114 F.2d 100, 101 (2 Cir. 1940). We do not believe that the District Judge erred in his application of the proper legal test. While the expressed intention of certain secured creditors to reject any plan that does not provide full payment must be weighed, the intention is not enough to defeat the petition. Creditors have been known to change their minds when a plan is actually put on the table. Furthermore,

means might in any event be found to pay off such creditors as remain adamant. (Wachovia Bank & Trust Co. v. Dameron, 406 F.2d 803 (4 Cir. 1969); Corr v. Flora Sun Corp., 317 F.2d 708 (5 Cir. 1963).)

The order is affirmed.