In re Melissa Jan WILLIAMS, f/k/a Melissa Williams Musslewhite, Debtor.

The NATIONAL BANK AND TRUST COMPANY OF COLUMBUS, Plaintiff,

v.

Melissa Jan WILLIAMS, f/k/a Melissa Williams Musslewhite, Defendant.

Bankruptcy No. 80–00320–COL.
A.P. No. 80–0410–COL.

United States Bankruptcy Court,
M. D. Georgia,
Columbus Division.

Nov. 25, 1980.

J. Barrington Vaught, Columbus, Ga., for plaintiff.

David A. Clark, Columbus, Ga., for defendant.

COMPLAINT FOR RELIEF FROM STAY

FINDINGS OF FACT

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

1. On August 20, 1979, Debtor executed a security agreement in favor of Plaintiff, same being secured by a 1977 AMC automobile, and said security interest was properly perfected.

2. This security agreement represents a refinancing arrangement of a security agreement previously between Plaintiff and Defendant.

3. The total amount to be paid under the contract was $4,612.32, and the annual percentage rate is 13.06%.

4. No payments were made on the security agreement subsequent to April 15,

1980, and on June 2, 1980 Defendant filed a Chapter 7 voluntary bankruptcy petition, out of which this adversary proceeding arises.

5. On September 19, 1980, Plaintiff filed a Complaint for Relief from Stay.

6. The trustee has filed a No Asset Report, and has abandoned said automobile.

7. The fair market value of the automobile is $1,775.00, and there is at present a net balance due Plaintiff of $3,543.81. Monthly payments on the note and security agreement are $128.12 per month as specified in the promissory note.

8. Debtor has offered to begin again her monthly payments.

9. Debtor, recently divorced, needs the automobile to go to and from work, she has two jobs, she needs the automobile to transport children to school, the automobile is an absolute necessity.

10. Debtor offers to pay the current payments plus some extra so that she might retain possession of the automobile.

## ISSUE

The question for decision is whether the automatic stay (11 U.S.C. § 362) should be terminated or should the stay be continued and provide the Plaintiff with adequate protection.

## APPLICABLE LAW

1. 11 U.S.C. § 103(a) is as follows:

"(a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, or 13 of this title."

2. Accordingly, 11 U.S.C. § 361, Adequate protection is applicable in this Chapter 7 case.

3. Also by reason of said 11 U.S.C. § 103, 11 U.S.C. § 362, Automatic stay, is applicable to this Chapter 7 case.

4. 11 U.S.C. § 361, Adequate protection, is applicable to this proceeding under 11 U.S.C. § 362(d) for relief from stay as it is so stated in the first line of 11 U.S.C. § 361.

5. The bankruptcy court is essentially a court of equity and should consider the "balance of hurt" in fashioning relief.

6. Relief from the automatic stay may be denied if adequate protection is provided.

## CONCLUSIONS OF LAW

1. The automobile is necessary for Debtor's "new start."

2. The "interest in property" to be adequately protected in 11 U.S.C. § 362 is the value of the collateral, which is $1,775.00.

3. The Plaintiff has an allowed secured claim in the amount of $1,775.00 (11 U.S.C. § 502).

4. All of the debt in excess of the allowed secured claim is an unsecured claim or deficiency, and is freed from the lien (11 U.S.C. § 506) and is discharged in bankruptcy.

5. The Automatic stay (11 U.S.C. § 362) should not be terminated, but the stay should be continued and the Plaintiff provided with adequate protection.

6. The stay is modified so as to remain in full force and effect until and after the case is closed or the discharge is granted.

7. The Plaintiff is adequately protected by periodic monthly payments for fourteen months in the amount of $148.82 until such time as the total of $2,060.00 is paid to Plaintiff by Debtor.

8. The lien on the automobile remains in full force and effect in the amount of $1,775.00 decreasing periodically as each payment is paid by Defendant to Plaintiff.

9. Upon the Debtor's failure to make any monthly payment of $148.82, Plaintiff is relieved of the stay without further order of the Court.

10. Defendant should provide adequate insurance to protect the Plaintiff's interest in said property.

## DISCUSSION

(Hereinafter, H. R. p. —— has reference to H. R. Rep. No. 595, 95th Cong.,

1st sess., p. ——, (1977). Also, S.Rep. p. —— refers to S.Rep. No. 989, 95th Cong., 2nd sess., p. ——, (1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Also, all emphases have been added).

The facts in this case frequently occur in consumer Chapter 7 bankruptcy cases. The debtor is behind in car payments, the creditor wants its collateral, the car, but possession of the car is an absolute necessity to the debtor. In deciding this case, the Court, being a court of equity, has tried to "balance the hurt" between the right of the Debtor to a "new start" and the right of the creditor to its "bargain."

"It must also be recognized that as a court of equity the bankruptcy court will be required to consider the impact of the stay on the parties and to consider the 'balance of hurt' in fashioning relief. The method of adequate protection may vary. Where the nondebtor party is in the business of extending credit a moratorium in debt service if accompanied by measures to preserve the collateral value may suffice. If, however, the collateral and the obligation which it secures are the principal assets of a retired husband and wife, adequate protection of their interest may necessitate periodic cash payments. The ultimate meaning of the term will be developed on a case by case basis, in each instance with the relief being tailored to the fact situation.

Finally, section 506(a) will simply operate to reinforce the existing rule to the effect that valueless junior secured positions or *unsecured deficiency claims will not be entitled to adequate protection.*" Collier on Bankruptcy 15th Ed., ¶ 362.07, pp. 362–47, 362–48.

■ The bankruptcy court is essentially a court of equity and does not read "statutory words with the ease of a computer. There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Bank of Marin v. England*, (1966) 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197.

"A Court of bankruptcy is a court of equity seeking to administer the law according to its spirit and not merely by its letter." *Johnson v. Norris*, 190 F. 459 (5th 1911).

"Equitable principles are a guiding factor in all bankruptcy matters." *In re Atlas Sewing Centers, Inc.*, 437 F.2d 607, 615 (5th 1971).

■ The purpose of straight bankruptcy under Chapter 7 is for a debtor to obtain a fresh start free from creditor harassment and free from the worries and pressures of too much debt (H.R., p. 125 and S.Rep., p. 6). This purpose of the Code continues the purpose often expressed in former decisions under the Act such as the following quote in *In re Love*, (5th 1978) 577 F.2d 344, 351 from *Perez v. Campbell*, 400 U.S. 818, 91 S.Ct. 71, 27 L.Ed.2d 45 (1971).

"This Court on numerous occasions has stated that '[o]ne of the primary purposes of the bankruptcy act' is give debtors 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 [54 S.Ct. 695, 699, 78 L.Ed. 1230] (1934). *Accord, e. g., Harris v. Zion's Savings Bank & Trust Co.*, 317 U.S. 447, 451 [63 S.Ct. 354, 357, 87 L.Ed. 390] (1943); *Stellwagen v. Chum*, 245 U.S. 605, 617 [38 S.Ct. 215, 218, 62 L.Ed. 507] (1918); *Williams v. United States Fidelity & Guaranty Co.*, 236 U.S. 549, 554, 555 [35 S.Ct. 289, 290, 59 L.Ed. 713] (1915)."

Similarly, *Lines v. Frederick, et al.*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124,

". . . the basic purpose of the Bankruptcy Act to give the debtor a 'new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt. The various provisions of the bankruptcy act were adopted in the light of that view and are to be construed when reasonably possible in harmony with it so as to effectuate the general purpose and policy of the act.'" [Citations omitted].

28 U.S.C. § 1481, Powers of bankruptcy court, among other things, provides that a bankruptcy court shall have the powers of a court of equity and 11 U.S.C. § 105, Power of court, provides that

"The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

It should be noted that illustrations rather than rigidly defined boundaries, as shown hereinafter, is the proper construction of "adequate protection" in 11 U.S.C. § 361, of "cause" in 11 U.S.C. § 362(d), and of "relief" in 11 U.S.C. § 362(d). This flexibility indicates that Congress intended that the "statutory words" of the Bankruptcy Code were not intended to be read "with the ease of a computer."

11 U.S.C. § 362, the Automatic stay, provides at subsection (d) that the court "shall" grant relief from stay for cause, including a lack of adequate protection of an *interest in property*. Actually, the subsection (d) says that the relief shall be granted for "cause," and everything else is illustrative of what "cause" might be. The word "including" follows the word "cause," and 11 U.S.C. § 102, Rules of construction, at Number 3, including is not limiting. It appears then from the illustration in this subsection that if Plaintiff's "cause" is lack of adequate protection, the complaint for relief from stay should be granted. Conversely, if adequate protection can be provided then there is no "cause," and the complaint for relief from the stay should be denied. Also in 11 U.S.C. § 362(d) "relief" is not defined or limited, it is only illustrated because of the words "such as" precede "terminating, annulling, modifying, or conditioning."

What is "the interest in property" of the Plaintiff herein that should be adequately protected? The answer is that the Plaintiff has a security interest in collateral valued at $1,775.00, and this is the "interest in property" that should be adequately protected. If adequate protection can be given to the Plaintiff for this automobile valued at $1,775.00, then upon the payment of $1,775.00 by the Debtor, the Debtor would hold title to the automobile free and clear of any lien of the Plaintiff as more fully shown hereinafter. This could be accomplished under 11 U.S.C. § 722, Redemption, except for the fact that the Debtor herein does not have the ready cash.

In essence, a proof of claim has been filed by Plaintiff (11 U.S.C. § 501), and the claim has been allowed (11 U.S.C. § 502) and is an allowed secured claim in the amount of $1,775.00 and the balance allowed as an unsecured claim (11 U.S.C. § 506). It follows then that insofar as the unsecured portion of the claim is concerned, the lien thereon is void [11 U.S.C. § 506(d)]. This being so, the unsecured portion of the debt would be discharged in bankruptcy, and there remains a lien for $1,775.00, the value of the collateral, that must be adequately protected.

"... the bill makes clear that an unsecured (sic) creditor is to be treated as having a secured claim to the extent of the value of the collateral, and an unsecured claim for the balance ..." H.R. pp. 180, 181, U.S.Code Cong. & Admin. News 1978, p. 6141.

Adequate protection illustrated in 11 U.S.C. § 361(3) provides that if Plaintiff acquires the "indubitable equivalent" of Plaintiff's interest in the automobile, then adequate protection is afforded, and the complaint to lift the stay may be denied.

The question then is, What is the "indubitable equivalent" that can be provided to Plaintiff?

"This section and the concept of adequate protection are based as much on policy grounds as on constitutional grounds. Secured creditors should not be deprived of the benefit of their bargain. There may be situations in bankruptcy where giving a secured creditor an absolute right to his bargain may be impossible or seriously detrimental to the policy of the bankruptcy laws. Thus, this section recognizes the availability of alternate means of protecting a secured creditor's interest where such steps are a necessary part of the rehabilitative process. Though the creditor might not be able to retain his lien upon the specific collateral held at the time of filing, the purpose of the section is to insure that the secured creditor receives, *the value for which he bargained*." S.Rep., p. 53, U.S. Code Cong. & Admin. News 1978, p. 5839.

What is the value for which the Plaintiff bargained? The value for which the Plaintiff bargained is the value of the collateral —$1,775.00. True, the bargain was for a personal liability now in the amount of some $3,500.00, but the personal liability is discharged in bankruptcy, and the value for which Plaintiff bargained has reference to the value of the automobile in the amount of $1,775.00.

"The first method of adequate protection outlined [11 U.S.C. § 361(1)] is the making of cash payments to compensate for the expected decrease in value of the opposing entity's interest. This provision is derived from *In re Bermec Corporation*, 445 F.2d 367 (2d Cir. 1971), though in that case it is not clear whether the payments offered were adequate to compensate the secured creditors for their loss. The use of *periodic payments may be appropriate where, for example, the property in question is depreciating at a relatively fixed rate.* The periodic payments would be to compensate for the depreciations and might, but need not necessarily, be in the same amount as payments due on the secured obligation." S.Rep., p. 54, U.S. Code Cong. & Admin. News 1978, p. 5840.

11 U.S.C. § 361(1) uses the word "trustee," but it does not mean that the subsection is available only when a trustee is providing adequate protection, because the means of adequate protection provided in 11 U.S.C. § 361(1), (2), and (3) are only illustrations.

"Though the creditor might not receive his bargain in kind, the purpose of the section is to insure that the secured creditor receives in value essentially what he bargained for." H.R., p. 339, U.S.Code Cong. & Admin. News 1978, p. 6295.

"The section specifies four means [three as finally adopted] of providing adequate protection. *They are neither exclusive or exhaustive.* They all rely, however, on the value of the protected entity's interest in the property involved." H.R., p. 339, U.S. Code Cong. & Admin. News 1978, p. 6295.

"The purpose of this section is to *illustrate* means by which it may be provided and to define the limits of concept." S.Rep., p. 49, U.S. Code Cong. & Admin. News 1978, p. 5835.

■ Requiring the Debtor to pay the above amounts stated is the "indubitable equivalent" of what Plaintiff bargained for. Indeed, it is more than the "indubitable equivalent," because the $1,775.00 lien will be paid well in advance of the time that the automobile is totally depreciated.

Plaintiff suggests that the provisions regarding the automatic stay and the providing of adequate protection are more important in a reorganization case or in a Chapter 7 asset case. We have found nothing in the Congressional history that would indicate this, and certainly nothing that would eliminate the conclusions reached above. No. 1 and No. 4 of applicable law above is contrary to the suggestion made by Plaintiff.

Plaintiff also suggests that the Debtor has other safeguards under 11 U.S.C. § 722, Redemption, but for practical purposes in this geographical area, if the Debtor has ready cash to redeem, and if the Debtor could borrow the money to redeem, he would never have filed a voluntary petition in bankruptcy.

Also, Plaintiff suggests reaffirmation under 11 U.S.C. § 524(c) would be a more appropriate remedy. This may be correct if the reaffirmation agreement was one that provided that the personal liability reassumed was the value of the collateral plus an appropriate interest rate. In the vast majority of reaffirmation agreements submitted to this Court for approval under this section, they are reaffirmation agreements where the debt to be reaffirmed is frequently more than twice the value of the collateral. Early this year word came to this Court that three (probably there are more) large national lenders on automobiles had an established policy of refusing to agree to a reassumption contract other than as the contract existed on the date of bankruptcy. In other words, they were demanding a reaffirmation of an unsecured portion

of the debt. To approve this would violate the purposes of the Bankruptcy Code, it would deny the Debtor's discharge as to the unsecured portion of the debt, and the Debtor would be personally libel and subject to suit and garnishment for any deficiency should the collateral subsequently be repossessed. Also, this would be unfair to other creditors holding unsecured claims. This section requires that the court only approve reaffirmation agreements where it is in the "best interest of the debtor," and the above stated consequences of approval are not in the best interest of the debtor. Plaintiff is correct in that the Court has refused approval virtually of all reaffirmation agreements, and this is so because all such agreements are as those above stated and would result in the consequences above stated. This Court has not and would not refuse to approve a reaffirmation agreement where the agreement provided for reaffirmation of a debt to the extent of the value of the collateral.

The Debtor may reaffirm a debt without approval of the Court, and many have chosen to do so. Plaintiff is in error in asserting that such unapproved reaffirmation agreements ... do not allow the creditor to repossess its collateral in event of subsequent default. The word "enforceable" in 11 U.S.C. § 524(c) has application only to the personal liability of the Debtor, and the creditor is barred only from pursuing any subsequent deficiency upon repossession. The lien, however, survives the discharge if it has not been avoided or dealt with in the bankruptcy case. The lien remains, and the creditor retains all of his lien rights, but the deficiency is part of the personal liability which is discharged in bankruptcy.

"The bankruptcy discharge does not prevent enforcement of valid liens." S.Rep., p. 76 and H.R., p. 357, U.S.Code Cong. & Admin.News 1978, p. 5862.

"Subsection (d) [of 11 U.S.C. 506] permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." H.R., p. 357, U.S.Code Cong. & Admin.News 1978, p. 6313.

Although a discharge operates as an injunction (11 U.S.C. § 524) against efforts by a creditor to recover a debt "as a personal liability of the debtor or property of the debtor," "property of the debtor" here does not mean that the creditor with a lien on property cannot enforce the lien.

The provisions of 11 U.S.C. § 524 apply to all debts discharged,

"but apply only to the debtor's personal liability upon such debts ...

Since a discharge, being personal in character, releases the debtor's personal liability only, it follows that a valid lien on property of the debtor existing at the time of the entry of the order for relief, providing such lien is not avoided by the Code, may be enforced notwithstanding the discharge of the debtor." Collier on Bankruptcy, 15th Ed., ¶ 524.01, pp. 524–9.

Although the automatic stay terminates on the happening of certain events stated in 11 U.S.C. § 362(c), this subsection begins "*Except* as provided in subsections (d), (e), and (f) of this section ...," it is this Court's view that Number 6 of the Conclusions of Law above is a proper "modification" of the automatic stay under 11 U.S.C. § 362(d), and, therefore, is an exception to the termination of the automatic stay. If this be not so, then it is tantamount to an injunction from this court of equity authorized by 11 U.S.C. § 105, supra, and 28 U.S.C. § 1481. The court is to issue any order ... necessary to carry out the provisions of Title 11 (11 U.S.C. § 105). The provisions of the Code as shown above are to provide the creditor with adequate protection, to allow a lien only for the value of the collateral, give the creditor what it bargained for, and give the debtor a fresh start. All of this has been done in the foregoing.

An appropriate order is entered simultaneously herewith.