## In re VERMONT REAL ESTATE INVESTMENT TRUST, Debtor.

### Bankruptcy No. 82–00033.

United States Bankruptcy Court, D. Vermont.

Nov. 1, 1982.

Wyman Smith, for debtor.

Ronald A. Fox, Montpelier, Vt., for Charles Crowell and Crowell England and Co.

David Putter, Montpelier, Vt., for Elizabeth Gentile.

James F. O'Neill, for Howard Bank, Administrator for the Sawyer Estate.

Douglas J. Wolinsky, Burlington, Vt., for Committee of Unsecured Creditors.

William B. Gray, Rutland, Vt., for Margaret Baird.

Julian Goodrich, Gibson, Noble & Goodrich, Montpelier, Vt., for debtor.

E. Bruce Weber, Brattleboro, Vt., for Dr. Felix Sommer.

Matthew Katz, Burlington, Vt., for Merchants Bank.

William Mikell, Burlington, Vt., William A. Fead, Montpelier, Vt., for Shareholders' Committee.

Hiram Hunn, Plainfield, Vt., for Cody Management Ass'n, Inc.

John Primmer, St. Johnsbury, Vt., for Judy Walke, et al. as former trustees.

T.G. Hedges, pro se.

MEMORANDUM AND ORDER ON APPLICATION OF DEBTOR TO APPLY CASH ON HAND TOWARD THE INDEBTEDNESS TO THE MERCHANTS BANK FOR DELINQUENT MORTGAGE INSTALLMENTS

CHARLES J. MARRO, Bankruptcy Judge.

The Debtor filed an Application to apply cash on hand toward delinquent mortgage installments owed to the Merchants Bank. At a hearing on October 14, 1982, the Debtor, represented by Wyman Smith, submitted to the Court the basic premises for the application.

In support of the application, Mr. Smith advised that the Debtor was currently four months delinquent in its mortgage installments to the Merchants Bank, such mortgage being on the 32-unit Colchester property. He further advised that the delinquency amounted to approximately $25,000.00. Mr. Smith indicated that if the Court allowed the payment of $25,000.00, the reduced mortgage principal would also result in the reduction of mortgage interest, and a corresponding savings for the Debtor. Mr. Smith further indicated that although the property was in need of repairs for cosmetic reasons and for compliance with the fire code, the property if prepared for market could net the Debtor approximately $200,000.00. Counsel for the Merchants Bank indicated its support for the application, noting that the Debtor's mortgage interest rate exceeded that found currently in the market; and that if the delinquencies were not paid, the Bank would seek relief from the stay.

Various objections were made to the application by Counsel for Cody Management Association, Inc. and Dr. Felix Sommer. However, the most notable objection was made by the Committee of Unsecured Creditors. Mr. Wolinsky, as Counsel for the Creditors' Committee, advocated that any payments made prior to the development of a plan would result in the estate being handled in a piecemeal fashion. The Court finds this argument to be the most persuasive.

It should be noted that the plan for reorganization should provide a proper distribution of the values represented by the reorganized debtor among the parties entitled to participate, in accordance to their respective entitlements. And it is further noted that the debtor has the duty to formulate a reorganization plan. 11 U.S.C. § 1121. And this duty was considered by the Court in the *Matter of K.C. March Co., Inc.*, 12 B.R. 401 (Bkrtcy.1981) at 403:

"... This is the job of the debtor in reorganization. He must demonstrate that there is a reasonable posibility of a successful reorganization. *In re Bermec Corp.*, 445 F.2d 367 (2nd Cir.1971) The plan for reorganization must be more than a nebulous speculative venture. It must have a realistic chance of success which would lead to rehabilitation, ..."

Allowance of the payment as requested by the Debtor would not only frustrate the goals of reorganization as enumerated above but it would also initiate the piecemeal administration of the estate as indicated by the Creditors' Committee. There was more than an adequate showing that the Debtor has substantial equity in the property, and if required, the Debtor could provide assurances to the Bank for the delinquencies from that equity. As such, there is neither a compelling circumstance nor an overwhelming inequity which would prevent the holding of the payment to the Merchants Bank in abeyance pending the filing of the plan.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. That the application of the Debtor to apply cash on hand toward the indebtedness to the Merchants Bank for delinquent mortgage installments is DENIED.