**In re W.R.S., INC., Debtor.**

**NATIONAL CITY BANK, AKRON, Plaintiff,**

v.

**W.R.S., INC., Defendant/Debtor.**

**Bankruptcy No. 583–1006.**
**Adv. No. 583–0550.**

United States Bankruptcy Court,
N.D. Ohio.

Sept. 29, 1983.

David Hunter, Akron, Ohio, for plaintiff.

Jeffrey T. Heintz, Akron, Ohio, for Centran Bank.

William Whitaker, Morris Laatsch, Akron, Ohio, for defendant/debtor.

## FINDING AS TO RELIEF FROM STAY

HAROLD F. WHITE, Bankruptcy Judge.

This matter was tried to the Court on the Complaint of National City Bank for relief from the automatic stay under 11 U.S.C. section 362.

### FINDING OF FACTS

The following constitutes the Finding of Facts in this matter:

1. In May, 1983, Carolyn J. Strouse, the President and sole shareholder of the Debtor-Defendant, W.R.S., Inc., applied for a loan from the Plaintiff.

2. On June 3, 1983 the Plaintiff approved a loan of $45,000.00 to the Defendant with interest at one and one-half per-cent above the Plaintiff's base rate payable quarterly commencing July 1, 1983. This loan is evidenced by a demand note signed by Carolyn J. Strouse, Defendant's President. (Plaintiff's Exhibit A).

3. Contemporaneous with the execution of the note, Carolyn J. Strouse, on behalf of the Defendant executed and delivered to Plaintiff a security agreement to secure payment on the note. (Plaintiff's Exhibit B). This security agreement granted to Plaintiff a security interest in "(a)ll machin-ery, goods, and equipment together with all replacements thereof and accessories thereto, now or hereafter owned by Debtor or in which Debtor has an interest."

4. Contemporaneous with the execution and delivery of the note and security agreement, both parties executed financing statements. (Plaintiff's Exhibit C). The Plaintiff filed these financing statements with the Ohio Secretary of State on June 8, 1983 and with the Portage County Recorder, where the Defendant has its principal place of business, on June 7, 1983.

5. The funds from the $45,000.00 loan were to be used to purchase the machinery, goods, and equipment mentioned in the security agreement which would secure the loan. Once the machinery, goods, and equipment were purchased, their serial numbers were to be given to the Plaintiff.

6. The loan proceeds were disbursed directly to Defendant's checking account, at Plaintiff bank. These proceeds have subsequently been paid on three checks drawn on this account.

7. Plaintiff has not received the serial numbers of the machinery, goods, and equipment which were to secure the loan.

8. The Plaintiff has not been able to verify whether the loan proceeds have in fact been used to purchase the machinery, goods, and equipment which were to secure the loan.

9. Neither the Plaintiff nor the Trustee has been able to ascertain whether the defendant has any inventory or assets which might serve as collateral under the Plaintiff's security agreement with Defendant.

10. On or about June 30, 1983, the Plaintiff declared its note due, filed a complaint in the Portage County Court of Common Pleas, and obtained a Cognovit Judgment against the defendant. Case No. 83CV–1153.

11. On July 8, 1983, the Defendant filed for relief under Chapter 11 of the Bankruptcy Code. (11 U.S.C.).

### LAW

Section 362 of the Bankruptcy Code, (11 U.S.C. section 362) provides for an automat-

ic stay upon the filing of a petition under chapters 7, 9, 11, or 13. This section prohibits the commencement or continuation of litigation by creditors against the debtor (section 362(a)(1)); the enforcement of pre-petition judgments against the debtor or property of the estate (section 362(a)(2)); and any action to obtain possession of, or enforce a lien against, property of either the debtor or the estate (section 362(a)(3), (4), and (5)). Unless the Court lifts the stay it remains in effect, as against property of the estate, until such time as the property is no longer property of the estate, and as against any other act, until the earliest of such time as the case is closed, the case is dismissed, or a discharge is granted or denied. (section 362(c)).

A party not willing to wait for the automatic termination of the stay as provided in section 362(c) may request the court to lift the stay as to said party pursuant to section 362(d). That section provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The thrust of Plaintiff's case has been that its interest in the "collateral" securing its loan is not adequately protected. It is undisputed that no interest has been paid on the loan, that there is no evidence of insurance on the "collateral", or indeed, that such "collateral" securing the loan even exists. The Plaintiff is unable to sustain the burden of proof of the existence of personal property upon which it alleges its security interest attaches.

The clear import of section 362(d) authorizing relief from the stay is to pro-

tect a creditor's interest in property of the estate. *See e.g. In re Williams,* 7 B.R. 234 (Bkrtcy.M.D.Ga., 1980); *In re San Clemente Estates,* 5 B.R. 605 (Bkrtcy.S.D.Calif., 1980). In this case, however, the Plaintiff has failed to show that the Debtor has any equity in the property in the estate to which its security interest could have attached. Under the facts before this Court, Plaintiff must be deemed to be an unsecured creditor, without any secured interest in the property of the estate.

Accordingly, the Court finds that Plaintiff has failed to show cause why it should be granted relief from the automatic stay. The Court further finds that until such time as Plaintiff shows that it has a secured interest in property which is not adequately protected, the automatic stay provided by section 362 shall remain in full force against the Plaintiff.